OPINION
{¶ 1} On December 4, 2003, appellants, Ohio Fish Industries, LLC, et al., and appellees, Leonard Martin, et al., entered into a settlement agreement over a disputed land purchase. Essentially, the agreement called for an appraisal of the property whereupon appellants could then purchase some of the property. Closing was to occur thirty days after receipt of the appraisal report unless good cause was established to extend the time. If appellants chose not to purchase, they would forfeit their down payment money.
 {¶ 2} An appraisal was delivered on February 10, 2004. On March 9, 2004, appellants sent a letter to the trial court asking for an extension of time for closing, claiming the appraisal was one-sided as they had never been contacted by the appraiser for their input. The appraiser agreed to issue a new appraisal. By letter dated March 18, 2004, the trial court stated it would act on filed motions only.
 {¶ 3} A new appraisal was issued on March 30, 2004. The appraiser could not reach a definite value on the property due to the issues of "buildable" versus "unlivable."
 {¶ 4} On April 23, 2004, appellants filed a motion to enforce settlement. By judgment entry filed July 29, 2004, the trial court denied said motion.
 {¶ 5} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 6} "The trial court erred in denying the plaintiffs/appellants' motion to enforce settlement agreement, as read into the record on December 4, 2003."
 I {¶ 7} Appellants claim the trial court erred in failing to enforce the settlement agreement. Specifically, appellants claim the trial court improperly interpreted the settlement agreement, and failed to run an evidentiary hearing on the issue. We disagree.
 {¶ 8} We are reminded of our dicta in Cogswell v. Cardio Clinic ofStark County (October 21, 1991), Stark App. No. CA-8553, as follows:
 {¶ 9} "Appellee urges that when the court learns that a settlement agreement, approved by the court, and calling for future performance is breached, such court has the right to vacate the judgment and set aside the settlement agreement. We find no such authority in the law, and conclude, to the contrary, that such a proposition would emasculate the underlying principle of giving final judgments of courts of law binding integrity.
 {¶ 10} "* * *
 {¶ 11} "In the absence of a factual demonstration of fraud in the inducement to contract and fraud upon the court, it is the appellee who is the `architect of his own continuous mortification' in the words of Justice J.J.P. Corrigan. Wolfe v. Wolfe (1976), 46 Ohio St.2d 399,350 N.E.2d 413, at 428."
 {¶ 12} The provisions in the settlement agreement that are the genesis of this appeal are as follows:
 {¶ 13} "[Mr. Hardin] The purchase price for this real estate is to be determined by an appraisal conducted by Mr. Charles G. Snyder and that following that appraisal, the amount of that appraisal will be paid upon closing within thirty days of the conclusion of the appraisal, and with the provision that the Court may extend the period of time for closing for good cause shown.
 {¶ 14} "* * * In the event that that transaction doesn't close or doesn't close timely, that deposit will be forfeited to Mr. Martin.
 {¶ 15} "* * *
 {¶ 16} "Finally, the parties agree that to execute mutual releases with language absolving certain individuals of allegations that were contained in the complaint and that the parties will provide a dismissal with prejudice within three days of today's date. Parties also agree that in the event the closing does not occur or does not occur in a timely matter, then this matter shall be deemed as having been dismissed with prejudice and the mutual releases will continue to have effect.
 {¶ 17} "* * *
 {¶ 18} "[Mr. Lundholm] And just a couple of other things here, your Honor. I think, I certainly agree with everything that Mr. Hardin has recited in the record as being accurate. When it comes to the appraisal by Mr. Snyder, I think the parties have further agreed that that will be as of the time the original contract was entered into. In other words, it would be raw, undeveloped land." December 4, 2003 T. at 2-4.
 {¶ 19} Appellants claim they properly petitioned the trial court for an extension of the closing date when the first appraisal in their opinion did not properly reflect the settlement agreement. A second appraisal was completed on March 30, 2004 which included the appraiser's statement, "I am not in a position to determine which opinion is more factual." The issue that created this statement was whether the land was "buildable" or "is wetland and is not livable."
 {¶ 20} Appellants argue they properly sought an extension after the first appraisal via a "hand delivered" letter to the trial court dated March 9, 2004. The reason given in the letter for the extension was, "Basically, what has transpired is that Gil Snyder issued an appraisal, which to my surprise was received by the parties on February 10th, without any input from either myself or my clients."
 {¶ 21} By letter dated March 18, 2004, the trial court found the "letter" was not a motion and therefore declined to take "any official action on this case until a matter is placed properly before me."
 {¶ 22} Pursuant to the settlement agreement, the case was dismissed "with prejudice to refiling." See, Judgment Entry filed December 4, 2003. On April 23, 2004, appellants filed a motion to enforce the settlement agreement as follows:
 {¶ 23} "In order to resolve this dispute and apply one appraisal price or the other, plaintiff submits that the court needs to schedule a hearing of an evidentiary nature that would allow the settlement agreement to be enforced. To that end, since the parties have not been able to agree upon a written settlement document, plaintiff requests that the agreement read into the record on December 4, 2003, be transcribed at plaintiff's costs."
 {¶ 24} After a review of the pleadings post-dismissal and the transcript of the settlement agreement, the trial court found the settlement agreement to be enforceable:
 {¶ 25} "The agreement is valid and enforceable. The terms of the agreement are reasonably certain and clear.
 {¶ 26} "It is therefore ORDERED that the Settlement Agreement shall be enforced as follows:
 {¶ 27} "1. Leonard Martin shall retain the funds of Marty Domer held in escrow in the approximate amount of $15,000.00 to $20,000.00.
 {¶ 28} "2. The cost of the appraisal completed February 10, 2004, shall be shared equally by Plaintiffs and Defendants." Judgment Entry filed July 29, 2004.
 {¶ 29} The threshold issue is whether the hand delivered letter of March 9, 2004 invoked the jurisdiction of the trial court. We concur with the trial court that the letter did not.
 {¶ 30} Pursuant to Civ.R. 7(B) and 15(E), a motion must be filed in order to invoke the jurisdiction of the trial court. Appellants did not file their motion to enforce until April 23, 2004, some eighty-two days after the receipt of the first appraisal. By the time appellants invoked the jurisdiction of the trial court, the agreement was self-executed. The thirty days for closing had passed and per the agreement, deposit monies were forfeited to appellee, the matter was deemed dismissed with prejudice and the mutual releases remained in effect.
 {¶ 31} The only issue possibly remaining was whether the settlement agreement was clear and unambiguous. The trial court concluded that it was and we concur with this analysis. Nowhere in the agreement is there any mention of "buildable" or "unlivable." The agreement speaks only to "raw, undeveloped land."
 {¶ 32} Appellants seek to have three terms added to agreement. Those terms are that they had the right to consult with the appraiser prior to his appraisal, and the appraiser had to determine the land's suitability for use. Also, appellants sought to have the trial court become an arbitrator of land use on a dismissed case. The agreement is silent as to all three. Appellants could have requested these items when they immortalized the agreement on the record, but chose not to do so.
 {¶ 33} Upon review, we find the trial court did not err in denying appellants' motion to enforce settlement.
 {¶ 34} The sole assignment of error is denied.
 {¶ 35} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
Farmer, J., Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.